**William Anthony HUGHES, Plaintiff,**

v.

**James SIMMERMAN et al., Defendants.**

No. 77–1227C(4).

United States District Court,
E. D. Missouri, E. D.

Feb. 2, 1978.

William Anthony Hughes, pro se.

Joseph L. Bauer, Jr., Asst. Circuit Atty., St. Louis, Mo., Jack L. Koehr, City Counselor, Joseph R. Niemann, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court upon the motion of defendant Simmerman for summary judgment and the motion of defend-ants Warzycki and Warren to dismiss for failure to state a claim upon which relief can be granted.

■ Defendant Simmerman has filed an affidavit and an exhibit in support of his motion. The exhibit, a police report, states that Simmerman and a fellow officer were present at two lineups in which plaintiff was identified. Plaintiff has filed affidavits in opposition, but they do not refute defendant's contention that two witnesses identified plaintiff. Under the circumstances of this case, however, plaintiff is not in a position to be able to know whether he was identified or not; this information being solely within the possession of the police. Under Rule 56(f), Fed.R.Civ.P., when a party cannot present facts essential to justify his opposition to a motion for summary judgment, the Court may refuse the application for judgment. Plaintiff is proceeding pro se. The Court, therefore, construes his affidavits liberally and finds that he fits within the situation described by Rule 56(f). Defendant's motion for summary judgment is, therefore, denied without prejudice.

■ Defendants Warzycki and Warren claim immunity from suit in their role as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Plaintiff has not alleged any action on the part of defendants which was not within their role as officers of the Court. Accordingly, defendants Warzycki and Warren's motion to dismiss is GRANTED.

■ Plaintiff's lawsuit presents a larger problem, namely, the relationship between the state and federal court systems. Plaintiff's criminal prosecution is apparently still pending in state court. By filing the present lawsuit and seeking declaratory relief, he is asking the Court to interfere with the state criminal proceedings. A federal court may not interfere with such a state proceeding except in the most extraordinary of circumstances. See generally *Dumbrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Accordingly, it is hereby ordered that this cause be stayed

pending the completion of the state criminal proceedings.